IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHARLES W. SHELTON, )
)
    Plaintiff, ) No. 1:11-cv-00058
) Chief Judge Haynes
v. )
)
SABRINA PATTERSON, *et al.*, )
)
    Defendants. )

## MEMORANDUM

Plaintiff, Charles Shelton, a state prisoner, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Felicia McGee, Sabrina Patterson, Gaylon Thompson and Norman Dalton. (Docket Entry No. 1). Plaintiff alleges violations of his rights under the Eighth Amendment of the United States Constitution for the Defendant's deliberate indifference to his medical needs for dental and eye care during his confinement at the Marshall County jail.

Before the Court are the motion for summary judgment filed by Defendant McGee (Docket Entry No. 44) and the motion for summary judgment filed by Defendants Patterson, Thompson and Dalton (Docket Entry No. 47). In sum, the Defendants contend that the undisputed facts reflect that the Defendants were not deliberately indifferent to Plaintiff's medical needs as reflected in their affidavits and Plaintiff's medical records and grievances. The Plaintiff responded in opposition to these motions. (Docket Entry No. 55).

## A. FINDINGS OF FACT[1]

On May 27, 2011, Plaintiff was placed in the Marshall County jail. (Docket Entry No. 45-1, McGee's Affidavit ¶ 4). Defendant McGee is a licensed nurse who performs contract work for the Marshall County jail and provided medical care to Plaintiff. (Docket Entry No. 49-1, Patterson's Declaration ¶ 8). Defendants Patterson, Thompson and Dalton are jail personnel who do not administer medical care to inmates, but rely on the medical assessments of Defendant McGee and other medical providers who provide care to inmates. Id.

In June 2011, Plaintiff began complaining of a toothache involving his wisdom teeth. Id. ¶ 9. On June 20, 2011, Plaintiff completed a sick call slip regarding this toothache. (Docket Entry No. 45-1, McGee's Affidavit ¶ 10). Defendant McGee provided Plaintiff Oragel and informed Plaintiff that his family could send him new and unopened Tylenol or ibuprofen if he did not want to obtain these medications from the jail commissary. Id. Defendant McGee reviewed Plaintiff's medical history and conducted a physical examination of Plaintiff. Id. at ¶ 11.

On July 19, 2011, Plaintiff completed another sick call slip with a complaint about his wisdom teeth. Id. at ¶ 12. Defendant McGee examined Plaintiff on July 21, 2011 and provided him a tube of Oragel and ibuprofen. Id. at ¶ 13. The jail physician also prescribed Erythromycin and referred Plaintiff to see the dentist. Id.

---

[1] Pursuant to Local Rule 56.01(b), the Defendants filed statements of undisputed facts contemporaneously with their motions for summary judgment. (Docket Entry Nos. 46 & 50). Defendant's response is not supported by additional evidence. (Docket Entry No. 55). Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 f.2d 43, 46 (6th Cir. 1986) app. 840 f.2d 16 (6th Cir. 1988) (unpublished opinion). As will be discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52, 106 S.Ct. 2502, 91 L.Ed.2d 202 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, 276 (1986). The Court concludes that there are some factual disputes, but the Court concludes that those disputes are not material given the material facts conceded by the Plaintiff. Thus, this section constitutes findings of fact under Fed.R.Civ.P. 56(d).

In July 2011, Plaintiff filed a grievance pertaining to his dental treatment and his request for eye glasses. (Docket Entry No. 49-1, Patterson's Declaration ¶ 2). According to the Marshall County jail inmate grievances procedures, an inmate has seventy-two hours after receipt of the grievance response to appeal to the Marshall County Sheriff. (Docket Entry No. 49-2, Inmate Grievance Policy). Plaintiff did not appeal after Defendant Patterson denied Plaintiff's requests in his grievance. (Docket Entry No. 49-1, Patterson's Declaration ¶ 2).

On September 14, 2011, Plaintiff completed a request to see a dentist and Defendant McGee discussed this request with Plaintiff and requested the name of Plaintiff's personal dentist, but Plaintiff did not provide this information. (Docket Entry No. 45-1, McGee's Affidavit ¶ 14). Defendant McGee told Plaintiff that she would follow up. Id. Two days later, Defendant McGee called Dr. Sigman to request Plaintiff's medical records. Id. at ¶ 15. On September 20, 2011, Defendant McGee sent Plaintiff more oral pain relief and anaesthetic gel. Id. at ¶ 17.

On September 27, 2011, Dr. Sigman examined Plaintiff for his toothache and noted Plaintiff's need to improve his oral hygiene. Id. at ¶ 18. Dr. Sigman prescribed Plaintiff an antibiotic, ibuprofen and Periogard to treat his gingivitis and reduce the inflamation in his tissue. Id. at ¶ 19; (Docket Entry No. 48-1, Dr. Sigman's Decl. ¶ 2, 4). Dr. Sigman did not deem Plaintiff to be suffering a serious medical condition nor find any need to extract Plaintiff's wisdom teeth. (Docket Entry No. 48-1, Dr. Sigman's Decl. ¶ 3, 5). Yet, Dr. Sigman recommended to Defendant McGee that if Plaintiff's symptoms worsened, to refer Plaintiff to an oral surgeon. Id. at ¶ 19.

The parties dispute whether Plaintiff was able to obtain ibuprofen from the jail commissary; Plaintiff alleges that he could not. In addition, the parties dispute whether Dr. Sigman recommended the removal of Plaintiff's wisdom teeth. Plaintiff contends that "Dr. Sigman . . . told [Plaintiff] if

[Plaintiff] were not incarcerated he would send [Plaintiff] to an oral surgeon immediately. He was concerned about [Plaintiff's] gum inflamation." (Docket Entry No. 55). Plaintiff also contends that since he has been moved from Marshall County Jail that "two of the wisdom teeth [have] been removed." Id. There is no dispute, however, that Plaintiff did receive medical treatment pertaining to his toothache when he was given medication and examined by Defendant McGee on June 20, July 21 and September 20, 2011 and subsequently sent to Dr. Sigman on September 27, 2011 who treated his condition. See (Docket Entry No. 46, 50 & 55).

Plaintiff has been incarcerated in the Marshall County jail on multiple occasions between 2009 and 2011. (Docket Entry No. 49-1, Patterson's Declaration ¶ 3). During his prior periods of incarceration, Plaintiff occasionally complained of toothaches and has been examined by Dr. Sigmon prior to this dispute. Id. at ¶ 5. Plaintiff was not incarcerated for several weeks during May 2011, but failed to seek dental care during that time. Id. at ¶ 4.

### B. CONCLUSIONS OF LAW

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56. "The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed. R. Civ. P. 56 advisory committee notes. Moreover, "district courts are widely acknowledged to possess the power to enter summary judgment sua sponte, so long as the opposing party was on notice that she had to come forward with all of her evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986); accord Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989).

In Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), the United States Supreme Court explained the nature of a motion for summary judgment:

> Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact.
>
> <u>As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment</u>. Factual disputes that are irrelevant or unnecessary will not be counted.

Id. at 247-48 (emphasis in the original and added in part). Earlier the Supreme Court defined a material fact for Rule 56 purposes as "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Electrical Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citations omitted).

A motion for summary judgment is to be considered after adequate time for discovery. Celotex, 477 U.S. at 326. Where there has been a reasonable opportunity for discovery, the party opposing the motion must make an affirmative showing of the need for additional discovery after the filing of a motion for summary judgment. Emmons v. McLaughlin, 874 F.2d 351, 355-57 (6th Cir. 1989); see also Routman, 873 F.2d at 971.

There is a certain framework in considering a summary judgment motion as to the required showing of the respective parties as described by the Celotex Court:

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. . . . [W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.

477 U.S. at 323 (emphasis deleted).

As the Sixth Circuit explained, "[t]he moving party bears the burden of satisfying Rule 56(c) standards." Martin v. Kelley, 803 F.2d 236, 239 n. 4 (6th Cir. 1986). The moving party's burden is to show "clearly and convincingly" the absence of any genuine issues of material fact. Sims v. Memphis Processors, Inc., 926 F.2d 524, 526 (6th Cir. 1991) (quoting Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986)). "So long as the movant has met its initial burden of `demonstrat[ing] the absence of a genuine issue of material fact,' the nonmoving party then `must set forth specific facts showing that there is a genuine issue for trial.'" Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989) (quoting Celotex, 477 U.S. at 322 and Rule 56(e)).

Once the moving party meets its initial burden, the Sixth Circuit warned that "[t]he respondent must adduce more than a scintilla of evidence to overcome the motion. . . . [and] must `present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)(quoting Liberty Lobby, 477 U.S. at 251, 255). Moreover, the Sixth Circuit explained that

> The respondent must `do more than simply show that there is some metaphysical doubt as to the material facts.' Further, `[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is `implausible.'

Street, 886 F.2d at 1480 (citations omitted); see also Hutt v. Gibson Fiber Glass Products, 914 F.2d 790 (6th Cir. 1990) (quoting Liberty Lobby, 477 U.S. at 151-52) ("A court deciding a motion for summary judgment must determine `whether the evidence presents a sufficient disagreement to require a submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.").

If both parties make their respective showings, the Court then determines if the material factual dispute is genuine, applying the governing law.

> More important for present purposes, <u>summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party</u>.
>
> \* \* \*
>
> Progressing to the specific issue in this case, we are convinced that <u>the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits</u>. If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, <u>the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented</u>. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. <u>The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict -- 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'</u>

<u>Liberty Lobby</u>, 477 U.S. at 248, 252 (citations omitted and emphasis added).

It is likewise true that

> [I]n ruling on motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated. It has been stated that: 'The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute. . . .'

<u>Bohn Aluminum & Brass Corp. v. Storm King Corp.</u>, 303 F.2d 425, 427 (6th Cir. 1962) (citation omitted). As the Sixth Circuit stated, "[a]ll facts and inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion." <u>Duchon v. Cajon Co.</u>, 791 F.2d. 43, 46 (6th Cir. 1986) (citation omitted).

The Sixth Circuit further explained the District Court's role in evaluating the proof on a

summary judgment motion:

> A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. Rule 56 contemplates a limited marshalling of evidence by the nonmoving party sufficient to establishing a genuine issue of material fact for trial. This marshalling of evidence, however, does not require the nonmoving party to "designate" facts by citing specific page numbers. Designate means simply "to point out the location of."
>
> Of course, the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the nonmoving party relies; but that need for specificity must be balanced against a party's need to be fairly apprised of how much specificity the district court requires. This notice can be adequately accomplished through a local court rule or a pretrial order.

InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) (citation omitted). In this district, the parties must provide specific references to the proof upon which they rely. See Local Rule 56.01(c) (requiring each party to provide a statement of undisputed facts to which the opposing party must respond).

In Street v. J.C. Bradford & Co., 886 F.2d 1472 (6th Cir. 1989), the Sixth Circuit discussed the trilogy of leading Supreme Court decisions, and other authorities on summary judgment and synthesized ten rules in the "new era" on summary judgment motions

1. Complex cases are not necessarily inappropriate for summary judgment.

2. Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

3. The movant must meet the initial burden of showing 'the absence of a genuine issue of material fact' as to an essential element of the non-movant's case.

4. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

8

5. A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a directed verdict motion is the same: `whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that the party must prevail as a matter of law.'

6. As on federal directed verdict motions, the `scintilla rule' applies, i.e., the respondent must adduce more than a scintilla of evidence to overcome the motion.

7. The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.

8. The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must `present affirmative evidence in order to defeat a properly supported motion for summary judgment.'

9. The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

10. The trial court has more discretion than in the `old era' in evaluating the respondent's evidence. The respondent must `do more than simply show that there is some metaphysical doubt as to the material facts.' Further, `[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is `implausible.

Id. at 1479-80.

The Court has distilled from these collective holdings four issues that are to be addressed upon a motion for summary judgment: (1) whether the moving party "clearly and convincingly" established the absence of material facts; (2) if so, whether the plaintiff present sufficient facts to establish all the elements of the asserted claim or defense; (3) if factual support is presented by the nonmoving party, whether those facts are sufficiently plausible to support a jury verdict or judgment under the applicable law; and (4) whether there are any genuine factual issues with respect to those

9

material facts under the governing law?

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e et seq., provides "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion of remedies is mandatory, Jones v. Bock, 549 U.S. 199, 211 (2007), and the prisoner must follow "critical procedural rules," Woodford v. Ngo, 548 U.S. 81, 95 (2006), "including time limitations." Rishee v. Fappin, 639 F.3d 236, 240 (6th Cir. 2011). Yet, "courts may overlook procedural defaults if the prisoner 'did not attempt to bypass the administrative grievance process [and] affirmatively endeavored to comply with it.'" Brooks v. Silva, No. 7:08-CV-105-KKC, 2012 WL 3637832, at *3 (E.D. Ky. Aug. 23, 2012) (quoting Rishee, 639 F.3d at 240). Under the PLRA, exhaustion of administrative remedies is required before filing the lawsuit; "[t]he prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) (abrogated on other grounds by Jones, 549 U.S. at 216).

Plaintiff filed his complaint on July 15, 2011. (Docket Entry No. 1). The record reflects that on Plaintiff filed his initial grievance with the jail officials in July 2011, but failed to appeal Defendant Patterson's denial of his grievance requesting the removal of his wisdom teeth. (Docket Entry No. 49-1, Patterson's Declaration ¶ 2). Plaintiff also failed to appeal within the seventy-two hour window provided for appeals in the Marshall County jail Inmate Grievance Policies. Id. Plaintiff lacks proof of his attempts or reasons for his failure to exhaust his administrative remedies. Plaintiff's inaction in appealing his grievance response did not provide "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled

into court." Jones, 549 U.S. at 204. Therefore, Plaintiff failed to comply with the PLRA's requirement of exhausting administrative remedies before filing his complaint.

In any event, under the Eighth Amendment a prisoner has a right to adequate medical care for his serious medical needs to which jail or prison officials may not be deliberately indifferent. Estelle v. Gamble, 429 U.S. 97, 103 (1976). This right includes dental needs. Ramos v. Lamm, 639 F.2d 559, 576 (10th Cir. 1980).

For this claim there are objective and subjective components. Framer v. Brennan, 511 U.S. 825, 834 (1994); Comstock v. McCary, 273 F.3d 693, 702 (6th Cir. 2001). The objective component is a serious medical need or condition. Farmer, 511 U.S. at 834 ("the deprivation must be 'sufficiently serious"). The subjective component is whether the Defendants exhibit a "deliberate indifference to the serious medical needs of a prisoner [that] constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle, 429 U.S. at 104 (citations omitted). For the latter component, the prisoner must show more than medical malpractice or negligence because the subjective requirement "prevent[s] the constitutionalization of medical malpractice claims." Comstock, 273 F.3d at 703. It is also "clear that [the standard] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835.

For medical conditions, the Court is not to second guess the medical judgments of prison medical officials and doctors where the prisoner receives some medical treatment. Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976); see also Alspaugh v. McConnell, 634 F.3d 162, 169 (6th Cir. 2011). The deliberate indifference standard is not met merely because the prisoner alleges that "alternative procedures might have better addresses [a prisoner's] particular needs." Graham v.

Cnty. of Washtenaw, 358 F.3d 377, 384 (6th Cir. 2004). "Although the care the plaintiff received at the Jail may not have been as prompt, thorough, or far-reaching as he may have received had he not been incarcerated and had he sought treatment on his own from private medical care providers, the Eighth Amendment does not guarantee that a prison inmate receive the 'optimum or best medical treatment.'" Carrizles v. George, No. 1:11-0024, 2012 WL 123984, slip op. at *4 (M.D. Tenn. Jan. 17, 2012) (quoting Ruiz v. Estelle, 679 F.2d 1115, 1149 (6th Cir. 1982).

Here, Plaintiff's dental pain was addressed by Defendant McGee upon his initial complaint. Plaintiff sough extraction of his wisdom teeth, but Dr. Sigmon deemed extraction unnecessary. Instead, Dr. Sigmon prescribed antibiotics and pain relievers to reduce Plaintiff's gingivitis. With this medical care, Plaintiff's claim is his dissatisfaction with Defendants' treatment of his toothache. Such a claim fails to prove deliberate indifference to Plaintiff's serious medical needs. The Court concludes that Plaintiff's assertion that his wisdom teeth were removed after his transfer to a different facility presents a difference of medical opinions and will not support summary judgment against the Defendants.

For the reasons stated above, the Court should grant the Defendants' motions for summary judgment as to all the Defendants for dismissal of this action with prejudice.

An appropriate Order is filed herewith.

ENTERED this _22_ day of September, 2012.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court